# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **Salahuddin Abdul-Waali,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action Number** |
| | ) | **10-00567-CV-W-JTM** |
| **Restart, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On August 3, 2010, plaintiff Salahuddin Abdul-Waali ("Abdul-Waali") filed an employment discrimination complaint against defendant Restart, Inc. ("Restart) pursuant to the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* In conjunction with those claims, Abdul-Waali received a right-to-sue letter from the Missouri Human Rights Commission dated March 12, 2010, and final dismissal letter from the U.S. Equal Employment Opportunity Commission dated March 4, 2010. Presently pending before the Court is Restart's motion to dismiss alleging that both of Abdul-Waali's claims are untimely filed.

The Missouri Human Rights Act sets out a 90-day limitations period for filing a court action under that statute:

> Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

MO. REV. STAT. § 213.111.1. As made plain by the statute's language, the 90 days begins to run from the date of the notification letter. In this case, then, Abdul-Waali's Missouri Human Rights

Act claim had to have been filed within 90 days of the Commission's letter of March 12, 2010, or on or before June 10, 2010. Abdul-Waali, however, did not file the present complaint until August 3, 2010. As such, on its face, Abdul-Waali's Missouri Human Rights Act claim is seemingly untimely. *Compare Hammond v. Municipal Correction Institute*, 117 S.W.3d 130, 133 (Mo. App. [W.D.] 2003) (dismissing claim under the Missouri Human Rights Act that was filed 91 days after issuance of right-to-sue letter).

Title VII also contains a 90-day limitations period, albeit with an important distinction. Under Title VII:

> If a charge filed with the Commission . . . is dismissed by the Commission . . ., the Commission . . . shall so notify the person aggrieved and <u>within ninety days after the giving of such notice</u> a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e-5(f)(1) (*emphasis added*). As shown by the emphasized language the 90 day limitations period for Title VII begins to run – not from the date of the dismissal – but from the receipt of such notice by the aggrieved party.

Pursuant to Title VII, the 90-day filing requirement begins when a plaintiff is in "receipt" of the EEOC's final agency decision. Inasmuch as the EEOC sends out final decisions by regular, first class mail, federal courts often have had to consider the presumed date of when an EEOC decision is received by a plaintiff. To that end, federal courts begin with the basic rebuttable presumption that the EEOC letter issuance date is also the date on which the letter was mailed. *Payan v. Aramark Management Services Limited Partnership*, 495 F.3d 1119, 1123 (9th Cir. 2007); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002); *Seitzinger v. Reading Hospital & Medical Center*, 165 F.3d 236, 238-39 (3d Cir.1999); *Sherlock v.*

*Montefiore Medical Center*, 84 F.3d 522, 525-26 (2d Cir. 1996); *Banks v. Rockwell International North American Aircraft Operations*, 855 F.2d 324, 326 (6th Cir.1988). In this case, the EEOC dismissal and right-to-sue letter was issued on March 4, 2010.

In calculating the 90-day limitation period, federal courts obviously must also consider a second date – the date the EEOC letter was delivered to or received by a plaintiff. In that regard, "[m]ost courts, including the Supreme Court [in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723 (1984) (*per curiam*)], have presumed a receipt date of three days after EEOC letter issuance." *Payan v. Aramark Management Services Limited Partnership*, 495 F.3d 1119, 1124-25 (9th Cir. 2007) (adopting and applying a three-day mailing rule). Applying such a three-day mailing rule, Abdul-Waali's Title VII claim had to have been filed within 93 days of the EEOC's letter of March 4, 2010, or on or before June 7, 2010. As previously noted, Abdul-Waali did not file the present complaint until August 3, 2010. Again, on its face, Abdul-Waali's Title VII claim is seemingly untimely.

Under both the Missouri Human Rights Act and Title VII, the requirements for timely filing of action are subject to the principles of waiver, estoppel and equitable tolling. *See*, *e.g.*, *Pollock v. Wetterau Food Distribution Group*, 11 S.W.3d 754, 763 (Mo. App. [E.D.] 1999) [Missouri Human Rights Act]; *Roush v. Kartridge Pak Co.*, 838 F.2d 1328, 1333 (8th Cir. 1993) [Title VII]. In this case, under the unique facts presented, the Court finds that tolling of the respective statutes is required.

On June 7, 2010 (the deadline for filing the Title VII claim and three days before the deadline for filing the Missouri Human Rights Act claim), Abdul-Waali filed with the Court a motion to proceed *in forma pauperis* [Doc. 1], attaching a copy of his proposed complaint, and

filed a motion for the appointment of counsel [Doc. 3]. On August 2, 2010, the Court entered an order denying appointment of counsel to Abdul-Waali, but provisionally granting his *in forma pauperis* status and noting that:

> because this case is included in the Case Management/Electronic Case filing (CM/ECF) system, and plaintiff is proceeding *pro se*, the Clerk's office is responsible for electronically filing the complaint as of the date of this ORDER.

ORDER [Doc. 4]. The next day, August 3, 2010, Abdul-Waali's complaint was filed.

Several courts have considered whether the timely filing of a motion to proceed *in forma pauperis* tolls the limitations period for filing a Title VII case. The consensus of the courts confronting the issue has been to permit tolling. *See generally* Ann K. Wooster, *Tolling of Time Period for Bringing Title VII Action Under § 706 of Civil Rights Act of 1964*, 21 A.L.R. FED. 65, 70-71 (2007) (collecting cases). While these courts acknowledge that civil actions are only "commenced by filing a complaint with the court" [FED. R. CIV. P. 3], they further conclude that equity and justice should afford leniency to a plaintiff who timely files "something" with the court, especially in those cases where the motion to proceed *in forma pauperis* attaches a copy of the complaint. *See*, *e.g.*, *Scary v. Philadelphia Gas Works*, 202 F.R.D. 148, 151 (E.D. Pa. 2001).

This holding is also consistent with Eighth Circuit precedent. In *Huston v. General Motors Corp.*, 477 F.2d 1003 (8th Cir. 1973), a terminated employee sued his former employer for discriminating against him on the basis of his religious beliefs. After seeking relief with the EEOC, the former employee filed a complaint in federal district court. The district court, however, dismissed the action, finding that the former employee had not filed the action within the (then required) thirty day limitations period.

4

On appeal, however, the Eighth Circuit reversed. The court found that prior to the expiration of the thirty day limitations period, the former employee had filed the district court an application to proceed *in forma pauperis*, a motion for the appointment of counsel, and a copy of his right-to-sue letter from the EEOC. Under those circumstances, the Eighth Circuit concluded:

> In light of the Supreme Court's stated policy of liberal interpretation of the procedural requirements in regard to layman-initiated proceedings under Title VII, we hold that the presentation of a request for the appointment of an attorney within the 30 days [as then specified in Title VII] constitutes the bringing of the civil action under Title VII. We think this interpretation of the statutory language comports with the remedial nature of the statute and the valid consideration that a layman, completely unskilled in the law cannot be expected to file a formal complaint within the short period of time specified in the statute, and he should not be forced to forfeit his claim when he has done everything within his power within 30 days to bring about legal proceedings to enforce his rights.

*Id*. at 1008 (*citations omitted*). Although the Title VII limitations period has been expanded since the decision in *Huston*, the Court nonetheless concludes that equitable tolling should be applied herein to Abdul-Waali's two claims and, as such, the Court concludes that both claims are timely.

On one final matter, Restart asks that Abdul-Waali's complaint be dismissed for failing to state a claim or, in the alternative, that be ordered to file a more definite statement. At the present time, the Court will deny these requests. However, Abdul-Waali is cautioned that in light of his bare bones pleadings, he may be precluded from raising any issues that were not raised and litigated administratively. Accordingly, it is

5

**ORDERED** that *Defendant Restart, Inc.'s Motion To Dismiss, Or In The Alternative, Motion For More Definite Statement*, filed September 1, 2010 [Doc. 6] is **DENIED**.

    */s/ John T. Maughmer*
**JOHN T. MAUGHMER**
**U. S. MAGISTRATE JUDGE**