IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SALAHUDDIN ABDUL-WAALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 10-0567-CV-W-JTM |
| | ) | |
| RESTART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

In September of 2008, plaintiff Salahuddin Abdul-Waali ("Abdul-Waali") began working with defendant Restart, Inc. ("Restart") as a youth care worker. Abdul-Waali's employment was terminated on May 26, 2009. Abdul-Waali thereafter filed the present case alleging that his termination was based on race and sex discrimination and/or was done in retaliation for his whistleblowing activities. Presently pending before the Court is Restart's motion for summary judgment. Before addressing the motion, the Court must address an initial matter. The primary support for Restart's motion is the fact that Abdul-Waali was served requests for admissions on March 10, 2011. Abdul-Waali did not respond to the discovery and, on May 20, 2011, Restart filed its motion asserting that the requests should be deemed admitted.

By its plain terms, FED. R. CIV. P. 35 provides that when a party fails to timely respond to requests for admissions, those requests are generally deemed admitted. FED. R. CIV. P. 36(a) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.").[1] In this case, Abdul-Waali did not timely

---

[1] However, the Eighth Circuit has noted that because Rule 36 permits a court to allow a longer time to answer than that permitted by Rule 36, "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Gutting v.*

respond (or ever respond) to Restart's requests for admissions nor has Abdul-Waali filed any motion seeking to amend or withdraw the deemed admissions. The Eighth Circuit has noted that "[u]naswered requests for admissions render the matter conclusively established" and that "summary judgment may be based on admitted matter." *Luick v. Graybar Electric Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973).

Nonetheless, the Court is reluctant to simply let the matter stand there. At the time the requests for admission were served and went unanswered, Abdul-Waali was proceeding *pro se*. Many court have expressed similar concerns in such cases. *Compare United States v. Turk,* 139 F.R.D. 615, 617 (D. Md. 1991) ("[T]he Court is reluctant to grant summary judgment against a *pro se* [litigant] based solely upon his failure to comply with the discovery requirements of the Federal Rules of Civil Procedure."); *Simmons-Blount v. Guilford county Board of Education*, 2009 WL 962266, op. at *4 (M.D.N.C. Apr. 7, 2009) ("[T]he court declines to use Rule 36 as a snare for this unwary *pro se* litigant."). As bluntly put by one federal court:

> Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of *pro se* litigants to have their cases fairly judged on the merits.

*In re Savage,* 303 B.R. 766, 773 (Bkrtcy. D. Md. 2003).

Compounding the Court's concern about Abdul-Waali's *pro se* status is the nature of many of the requests for admissions. Many go to factual matters and seek to limit the evidentiary issues for trial. For example:

> Admit that Plaintiff was employed by Defendant from September 2008 until May 26, 2009.

Other requests for admission, however, go the ultimate issues in the case. For example:

---

*Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983).

> Admit that Plaintiff was not discriminated against by Restart or
> any of its employees or agents during his employment with the
> company.

Inasmuch as Abdul-Waali obviously sued Restart because he believed he <u>was</u> discriminated against by the company, it is difficult not to come to the conclusion that Restart merely "propounded the requests hoping Plaintiff would concede essential elements by failing to file timely responses." *Lyons v. Santero*, 2011 WL 3353890, op. at *3 (C.D. Cal. May 11, 2011) (disallowing deemed admissions that "go directly to the ultimate question" of liability). *See also Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law."); *Kosta v. Connolly*, 709 F.Supp. 592, 594 (E.D. Pa. 1989) (suggesting that Rule 36 should not be employed to establish facts that are obviously in dispute). At a minimum, as suggested by one court, such requests require closer scrutiny.

> The admissions go directly to the ultimate questions at issue in this
> case, causing the court to scrutinize the questions, and the resulting
> deemed admissions, more closely than in the typical scenario in
> which requests for admissions are propounded as a vehicle for
> formulating a discovery plan.

*Kirk v. Richards*, 2011 WL 4374999, op. at *3 (E.D. Cal. Sep. 19, 2011).

In light of the foregoing, the Court might be inclined not to deem any of the requests for admission admitted. However, two additional factors must be considered. First, the requests for admissions included an admonition to Abdul-Waali in bold, capitalized letters:

> **A FAILURE TO TIMELY RESPOND TO REQUESTS FOR
> ADMISSIONS IN COMPLIANCE WITH RULE 36 SHALL
> RESULT IN EACH MATTER BEING ADMITTED BY YOU
> AND NOT SUBJECT TO FURTHER DISPUTE.**

At least some cases have concluded that the inclusion of similar language strengthens the case for deemed admissions even where the litigants are *pro se*. *See*, *e.g.*, *United States v. One Sony*

*Wega 42" Plasma TV*, 2008 WL 687103, op. at *3 n.1 (W.D. Tenn. Mar. 7, 2008) ("Taking into consideration that the Claimants are *pro se*, the Court finds that they had sufficient notice of the consequences of not responding to the requests for admission, in light of the government's warning, in bold, on the front page of its requests, that the matters covered by the requests would be deemed admitted if the Claimants failed to respond.").

Even more troubling for the Court is that after Restart filed its motion for summary judgment, legal counsel entered an appearance on behalf of Abdul-Waali and, after requesting and receiving some additional time, filed a response to the summary judgment motion. However, despite the fact that the motion explicitly relies on deemed admissions, Abdul-Waali's new counsel did not seek to withdraw or amend the admissions pursuant to Rule 36. Instead, Abdul-Waali's summary judgment response wholly ignores the Rule 36 argument made by Restart and the implications of admitted facts. However, through affidavits, Abdul-Waali attempts to challenge and deny many of the admitted facts. Consequently, in many respects, Abdul-Waali does not sit in the same position as the *pro se* litigants in the cases cited by the Court.

The Court neither wishes to encourage attorneys to take advantage of *pro se* litigants nor to condone an attorney's failure to acknowledge a substantial legal argument and make an appropriate response under the Federal Rules of Civil Procedure. In this case, the Court will adopt a middle ground. Those requests for admissions that go to purely factual matters will be deemed admitted for purposes of the summary judgment motion, while those admissions that go to ultimate legal issues (was Abdul-Waali discriminated against or harassed) will not be deemed admitted for purposes of the pending dispositive motion.

Inasmuch as Restart may not rely exclusively on the request for admissions and because

4

Case 4:10-cv-00567-JTM   Document 26   Filed 11/17/11   Page 4 of 7

Abdul-Waali does not offer any direct evidence of race or sex discrimination or illegal retaliation, Restart's motion for summary judgment must be analyzed under the familiar test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under the *McDonnell Douglas* application, an employee must first demonstrate a *prima facie* case of race or sex discrimination or retaliation. Upon a *prima facie* showing by an employee, a presumption of discrimination and/or retaliation arises, and the burden of production shifts to the employer to advance a legitimate reason for its employment action. If the employer does advance such a reason, then the presumption drops out and "the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven that the defendant intentionally discriminated against the plaintiff." *Ryther v. KARE 11*, 108 F.3d 832, 836 (8th Cir. 1997) (*en banc*).

In this case, Restart does not allege that Abdul-Waali cannot establish a *prima facie* case of race discrimination, sex discrimination, or illegal retaliation. However, Restart has satisfied its burden to come forward with a legitimate non-discriminatory (or non-retaliatory) reason for its decision to terminate Abdul-Waali employment, to wit: Abdul-Waali was fired because his work performance was poor and unacceptable. In articulating a legitimate nondiscriminatory reason, the "burden on the [employer] is one of production, not persuasion." *Cherry v. Ritenour School District*, 361 F.3d 474, 478 (8th Cir. 2004). To that end, the burden to articulate a non-discriminatory justification "is not onerous." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1052 (8th Cir. 2006). To satisfy this "minimal" burden, an employer need only introduce "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the adverse employment action. *Klimczak v. Shoe Show Co.*, 420 F.Supp.2d 376, 383 (M.D. Pa. 2005). *See also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 2747

(1993) (employers need only to produce "reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action"). Under this relaxed standard, Restart easily met its burden to articulate legitimate nondiscriminatory reasons for its action involving Abdul-Waali.

Under the final prong of the *McDonnell Douglas* framework, Abdul-Waali bore the burden of proving "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 136, 120 S.Ct. 2097, 2106 (2000). Moreover, with regard to the employment decision made by Restart, the law is clear that "employers have wide latitude to make business decisions." *Lacroix v. Sears, Roebuck and Co.*, 240 F.3d 688, 692 (8th Cir. 2001). When federal courts examine an employer's articulated reasons, they "do not sit as super-personnel departments to second-guess the business decisions of employers [rather] the threshold question is . . . whether [the employer's] reasons for its employment actions are true, not if they are wise, fair, or correct." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 837 (8th Cir. 2002).

In this case, Abdul-Waali offers his own self-serving affidavit and the affidavit of a co-worker whose career at Restart overlapped Abdul-Waali's for two months. With regard to the stated reason for Abdul-Waali's termination, the affidavits merely state that in the affiants' experiences, Abdul-Waali was "prompt," "reliable," and "worked extremely well" with the clients. The affiants essentially argue that the action of the Restart was retaliation and/or discrimination because they believe that was what motivated Restart. However, such "gut feelings," no matter how subjectively honest, plainly do not establish a case of pretext. Abdul-

6

Waali "must do more than simply create a factual dispute as to the issue of pretext; he must offer sufficient evidence for a reasonable trier of fact to infer discrimination." *Matthews v. Trilogy Communications, Inc.,* 143 F.3d 1160, 1165 (8th Cir. 1998). To that end, Abdul-Waali cannot avoid summary judgment by merely arguing that he "thinks" or "believes" that retaliation and discrimination were the real motivations underlying the decision made by Restart. *Grimes v. United States Postal Service*, 872 F.Supp. 668, 673 (W.D. Mo. 1994), *aff'd*, 74 F.3d 1243 (8th Cir. 1996). Ultimately, Abdul-Waali must come forward with "significant probative evidence" indicating that the reason put forward by Restart for its action is mere cover to hide illegal retaliation and/or discrimination. *Buettner v. Arch Coal Sales, Inc.*, 216 F.3d 707, 718 (8th Cir. 2000). In the complete absence of such evidence, Restart's stated non-discriminatory reasons must stand and the Court must enter summary judgment in favor of Restart.

For the foregoing reasons, it is

**ORDERED** that *Defendant's Motion For Summary Judgment*, filed May 20, 2011 [Doc. 16] is **GRANTED**. Accordingly, summary judgment is entered in favor of Defendant Restart, Inc.

                                        */s/ John T. Maughmer*
                                        **JOHN T. MAUGHMER**
                                        **U. S. MAGISTRATE JUDGE**